﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190723-16001
DATE: June 16, 2020

ORDER

Entitlement to a disability rating in excess of 70 percent for posttraumatic stress disorder (PTSD) with alcohol use disorder is denied.

FINDING OF FACT

The severity, frequency, and duration of the Veteran’s symptoms do not more closely approximate total occupational and social impairment.

CONCLUSION OF LAW

The criteria for entitlement to a 100 percent disability rating for PTSD with alcohol use disorder have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1967 to January 1971. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision.

Entitlement to a disability rating in excess of 70 percent for PTSD with alcohol use disorder

The Veteran contends that his PTSD with alcohol use disorder has rendered him totally socially and occupationally impaired.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

The issue in this appeal is whether the Veteran’s associated symptoms cause the level of impairment required for the next higher disability rating of 100 percent. Upon consideration of this question with the evidence of record, the Board concludes that the Veteran’s symptoms have not caused the level of impairment required for a disability rating of 100 percent but that, rather, his symptoms more closely match the criteria for a 70 percent disability rating.

According to the relevant evaluation criteria, a 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

In the current appeal, a March 2019 VA examination, and the Veteran’s and his wife’s lay statements show that the Veteran’s PTSD with alcohol use disorder is manifested by symptoms associated with a 70 percent rating such as daily PTSD symptoms rendering him frequently anxious and nervous, experiencing flashbacks that cause him to crawl on the ground, easily angered, depression, panic attacks more than once a week, chronic sleep impairment, mild memory loss, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, and difficulty adapting to stressful circumstances, or even difficulty adapting to less stressful circumstances such as shopping without becoming paranoid.

Notably, the Veteran’s condition has not manifested with any of the symptoms described in the 100 percent criteria. The Veteran has not demonstrated delusions or hallucinations, grossly inappropriate behavior, a persistent danger of hurting himself or others, the intermittent inability to perform activities of daily living (including personal hygiene), disorientation to time or place, or memory loss for his own name or the names of close relatives or information about his own occupation. 

He also had symptoms that are not listed with a specific rating, such as being easily startled by noises like plane engines, paranoia, and loss of interest. 

The Board finds the severity, frequency, and duration of the Veteran’s unlisted and listed symptoms more closely approximate the symptoms contemplated by a 70 percent rating, which are less severe, less frequent, and shorter in duration than those contemplated by a 100 percent rating. While the Veteran and his wife report that these symptoms are a daily occurrence, and that the Veteran has increased his drinking in the past year prior to the March 2019 examination, these are simply not the type of symptoms or so severe a set of symptoms that they approximate the symptoms that are contemplated by the 100 percent rating criteria. They are more similar, and in many cases identical to the symptoms for the 70 percent criteria.

In a July 2019 statement, the Veteran does mention a violent outburst that occurred at work. The Board has considered whether this is most like a persistent danger of hurting himself or others (a symptom described in the 100 percent criteria) or an instance of impaired impulse control (such as unprovoked irritability with periods of violence) – as described in the 70 percent criteria. Given that this appears to be a single incident, the Board finds that it is most like the 70 percent criteria. Also, it is not clear what relevance this has to the Veteran’s condition during the appeal period, as the Veteran’s statement indicates that this incident occurred in 2003.

Additionally, the Board notes that the February 2020 statement from the Veteran’s representative states that the Veteran’s alcohol use disorder causes the Veteran to experience all, or nearly all, of the symptoms associated with the 100 percent criteria. The Board has acknowledged this argument but observes that it is not supported by the record. While the March 2019 VA examination notes symptoms associated with alcohol use disorder, including moderate to heavy drinking, irritability, impulsivity, and tiredness, and describes a circular relationship between the Veteran’s PTSD and alcohol use disorder, the examination report does not describe the Veteran’s conditions as causing the type of symptoms associated with the 100 percent criteria. The Veteran’s VA treatment records paint an even more favorable view of his condition. As a result, the Board must reject the argument put forward by the Veteran’s representative as it is not supported by the evidence. 

(CONTINUED ON NEXT PAGE)

In short, the preponderance of the evidence weighs against finding that the severity, frequency, and duration of the Veteran’s PTSD symptoms have resulted in the level of impairment required for the next higher rating of 100 percent. The criteria for a 100 percent are not met, and the appeal must be denied. 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Steven Johnston, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.